FILED

NOV 21 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For the District of Columbia

Bartool Khaksari,                        )
5801 Nicholson Lane Apt 211              )   CASE NUMBER 1:06CV01990
North Bethesda, MD 20852                 )
    Plaintiff,                           )   JUDGE: Richard J. Leon
                                         )
    v.                                   )   DECK TYPE: Employment Discrimination
                                         )
Kenneth Y. Tomlinson,                    )   DATE STAMP: 11/21/2006
Chairman,                                )
Broadcasting Board of Governors,         )   Jury Trial Demanded
330 Independence Ave. Southwest,         )
Washington, DC 20237                     )
    Defendant.                           )

## Complaint

This is an action for monetary, equitable and declaratory relief brought by plaintiff Bartool Khaksari against defendant Kenneth Y. Tomlinson in his official capacity as Chairman of the Broadcasting Board of Governors ("BBG") to redress discrimination based on age, sex, race, national origin, religion and retaliation and to obtain review of unauthorized agency action. These actions of BBG have violated plaintiff's rights under the Age Discrimination in Employment Act, 29 U.S.C. Section 623 *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. section 2000e *et seq.* ("Title VII"), 42 U.S.C. sections 1981 *et seq.*, the BBG governing law and charter, the Administrative Procedure Act, 5 U.S.C. section 706 and the law of the District of Columbia.

### Jurisdiction

1. Jurisdiction and venue is properly lodged with this Court under 29 U.S.C. section 623 *et seq.*, 42 U.S.C. section 2000e, 28 U.S.C. section 1331, 5 U.S.C. section

706 and any related claims under the District of Columbia law. In addition this case satisfies the requirements of 28 U.S.C. section 1332.

2. Venue for this action is proper in the United States District Court for the District of Columbia under 28 U.S.C. section 1391. The actions that give rise to this complaint occurred in the District of Columbia. The amount in controversy exceeds $75,000, exclusive of costs and interest and plaintiff is a resident of the State of Maryland, and the defendant in this action is a resident of the District of Columbia.

**Parties**

3. Plaintiff is a US citizen of Persian descent, Persian national origin and Muslim religion over the age of 50.

4. The defendant Kenneth Y. Tomlinson, the Chairman of the BBG, an independent Government agency responsible for Government sponsored broadcasting to foreign peoples authorized to do business in the District of Columbia with offices located at 330 Independence Ave., Southwest, Washington, DC. BBG employees are federal employees governed by the standard general schedule service. BBG is an employer within the meaning of Title VII and 29 U.S.C. Section 623 *et seq*.

**Matters Complained of**

5. Plaintiff speaks Farsi fluently. She successfully competed for a coveted position in the National University of Iran School of Law and, after completing her studies, was awarded a law degree in Iran. She practiced law there for many years before immigrating to the United States in the early 1980's. She became a naturalized US citizen.

6. Plaintiff worked under purchase order vendor services contract at the defendant BBG from November 2003 to April 2005. Her duties were primarily web casting news, translating and writing articles for Farsi news and radio announcing for Farsi language news.

7. In October 2004 Plaintiff applied for a GS 12 program research coordinator position in the Farsi service advertised under vacancy announcement no. M/P 04-107. Plaintiff was the only US citizen determined to be qualified for the position. A male, non-citizen, non- Muslim applicant under the age of 40 with knowledges and skills inferior to those of Plaintiff was selected for the position.

8. On January 19, 2005 Plaintiff contacted an equal opportunity counselor complaining that her non-selection was discriminatory. After she met with the counselor, she filed a formal complaint with the agency. Later, she filed a complaint at the Equal Employment Opportunity Commission.

9. In late 2005 Plaintiff applied for GS 11 international broadcaster (Persian Service) positions in the Farsi service. Plaintiff was wrongly excluded from the list of eligible applicants when she was wrongly failed on the voicing portion of her test. The evaluation of the voicing skills of tests is left to the unbridled discretion of the panel of evaluators. When she sought and obtained administrative review of the scoring, she was rated eligible for the position. By then, however, the vacancies had been filled. Plaintiff was, in fact, fully qualified for the position. One or more non-citizen applicants under 40 years of age with knowledges and skills inferior to those of Plaintiff were selected for these positions.

10. In July 2005 Plaintiff applied for a GS 12 international broadcaster (Persian Service) position in the Farsi service advertised under vacancy announcement no. M/P 05-59. She was rated eligible for the position. Then, the vacancy was cancelled and promptly readvertised. In the readvertised vacancy plaintiff was wrongly excluded from the list of eligible applicants. Plaintiff was, in fact, fully qualified for the position. A non-citizen applicant under 40 years of age with knowledges and skills inferior to those of Plaintiff was selected for the position.

11. As a result of her complaint of discrimination, her services contract was terminated by Defendant. On the day of the contract termination, Defendant acted to humiliate her in the work place by, *inter alia*, having Plaintiff escorted of the premises by security.

12. Plaintiff has suffered substantial anxiety and tension and depression attributable to the discriminatory, retaliatory and harassing treatment that she has received. Each of those conditions has continued over time owing to the willful, unreasonable activities of BBG.

13. Plaintiff contacted an equal opportunity counselor with regard to her non-selections and the exclusion of her from competition in the foregoing vacancies. She thereafter met with the counselor, filed a formal complaint with the agency and a complaint at the Equal Employment Opportunity Commission.

14. Plaintiff has been retaliated against owing to the complaints of discrimination that she expressed since January 2005.

15. The EEOC issued a right to sue letter to Plaintiff dated September 26, 2006 advising that she had 90 days from receipt to initiate a civil action in an

appropriate district court. Plaintiff has exhausted her remedies as to these actions of BBG.

16. BBG is granted authority to "employ, without regard to civil service or classification laws, aliens within the Untied States and abroad for service in the United States relating to the translation or narration of colloquial speech in foreign languages or the preparation and production of foreign language programs when suitably qualified United States citizens are not available when job vacancies occur ...." in 22 U.S.C. § 1474(1).

17. The "suitably qualified" language was introduced in section 1474 by Pub. L. 96-60, 93 Stat. 398, 400, dated August 15, 1979.

18. BBG administered "suitably qualified" United Sates citizens as meaning "minimally qualified" in the period immediately after enactment.

19. Some years later BBG adopted the current construction of "suitably qualified" under section 1474. The change in construction relied upon a Congressional committee comment dated some time in 1983 or thereafter.

20. Current BBG guidelines to managers relating to this section declare that "[b]ased on Congressional committee reports, the Agency has interpreted the term 'suitably qualified' to mean 'equally or better qualified.'"

21. The import of that guidance is that BBG claims authority to hire non-citizens over qualified US citizen applicants unless the United States citizen is deemed by BBG to be equally or better qualified than the non-citizen.

22. BBG relied upon its current construction and guidance relating to section 1474 in the selection of the non-citizen applicant over Plaintiff in vacancy announcement

5

no. M/P 04-107. BBG relied upon its current construction and guidance relating to section 1474 in the selection of the non-citizen applicants in vacancy announcements for GS 11 international broadcaster (Persian Service) positions in the Farsi service.

23. BBG's construction of section 1474 is unlawful and not in accordance with the BBG charter. BBG has no authority to hire non-citizens when qualified US citizen applicants are available to fill the position.

24. Plaintiff is member of the class of US citizens who were injured by the BBG policy and practice of claiming to authority to hire non-citizens when qualified US citizen applicants are available to fill the position.

25. Based on information and belief, BBG under this policy and practice has hired scores of non-citizens each year notwithstanding the availability of qualified US citizen applicants. BBG has also promoted non-citizens within BBG under the same policy. On information and belief, the number of US citizen applicants victimized by this unlawful policy and practice numbers well in excess of 50 each year.

26. The class of US citizens who were injured by this policy and practice is so numerous that joinder is impracticable.

27. There are questions of law and fact common to the class.

28. The claims of Plaintiff are typical of the claims of the class.

29. Plaintiff will fairly and adequately represent the interests of the class.

Statement of claims

### Count One (Age Discrimination)

30. Plaintiff incorporates by reference all of the allegations of paragraphs nos. 1 to 29 of the Complaint as if they were set forth in full.

31. Plaintiff is a member of a protected class under the Age Discrimination Act owing to her age.

32. Defendant BBG willfully and with disregard for plaintiff's rights failed or refused to hire or promote plaintiff for the GS 11 and 12 positions because of Plaintiff's age.

33. The foregoing failures to promote were in violation of 29 U.S.C. section 623 *et seq.*

### Count Two (violation of title VII)

25. Plaintiff repeats and incorporates by reference the allegation paragraphs nos. 1 to 29 of the Complaint as if they were set herein in full.

26. Plaintiff is a member of a protected class under Title VII by reason of her sex, Persian race, national origin and Muslim religion.

34. The BBG willfully and in disregard of Plaintiff's rights under Title VII, failed to hire or promote Plaintiff for the GS 11 and 12 positions

35. The foregoing failures to promote were in violation of Title VII.

### Count three (violation of 42 U.S.C. section 1981 *et seq.*)

36. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 29 of the Complaint as if they were set forth herein and full.

37. Plaintiff is a member of a protected class under 42 U.S.C. sections 1981 *et seq.* by reason of her Persian race and national origin.

38. The BBG willfully and in disregard of Plaintiff's rights under 42 U.S.C. sections 1981 and 1983 failed to hire or promote Plaintiff for the GS 11 and 12 positions.

39. The foregoing failures to promote were in violation of 42 U.S.C. section 1981 *et seq.*

### Count Four (Retaliation)

40. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 29 of the Complaint as if they were set forth herein in full.

41. For her exercise of her rights to complain about discrimination BBG intentionally retaliated against Plaintiff in failing to select her for GS -11 and 12 positions, terminating her employment contract, as well as in assignments, shifts, and imposing unreasonable terms and conditions of employment and in harassing her.

42. The foregoing retaliation was in violation of the 29 U.S.C. § 623 *et seq.*, Title VII, and District of Columbia law.

### Class Claims

43. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 29 of the Complaint as if they were set forth herein in full.

44. BBG's unlawful policy and practice of hiring and promoting non-citizens when qualified US citizens are available discriminates against qualified US citizen applicants under 29 U.S.C. Section 623 *et seq.*, Title VII, and 42 U.S.C. sections 1981 *et seq.*

45. The class of US citizen applicants who were injured by the unlawful BBG policy and practice of hiring and promoting non-citizens constitutes a protected class entitled to relief under 29 U.S.C. Section 623 *et seq.*, Title VII, and 42 U.S.C. sections 1981 *et seq.*

**Prayer for relief**

Wherefore, Plaintiff, together with the class that she seeks to represent, consisting of US citizens who were injured by the unlawful BBG policy and practice of hiring and promoting non-citizens when qualified US citizen applicants are available to fill the position, respectfully requests that the Court enter judgment in her favor and in favor of the class and against defendant BBG, and grant the following relief:

A. That a class be certified consisting of all US citizen applicants for employment to BBG in which the selectee in the vacancy was a non-citizen;

B. That Plaintiff be denominated as the class representative;

C. That a declaratory judgment be entered, finding defendant BBG's employment practices unlawful and enjoining defendant BBG from engaging in such unlawful acts and practices;

D. That, in particular, the policy and practice by which BBG hires or promotes non-citizens for vacancies when qualified US citizen applicants are available be set aside as unlawful and discriminatory;

E. That each and every selection and /or action under the policy and practice by which BBG has selected non-citizens for vacancies when qualified US citizen applicants are available be set aside as unlawful;

F. That an order be issued for back pay with prejudgment interest and all benefits to each and every US citizen class member injured by the policy and practice by which BBG has selected non-citizens for vacancies when qualified US citizen applicants are available including interest thereon to the present time with the actual amount to be proven at trial;

G. That an order be issued for front pay and benefits, if the BBG does not or will not employ each such class member and at the appropriate level;

H. Compensation to each US citizen class member for physical, psychological and emotional harm in the sum of $300,000 plus all interest available under applicable law, for noneconomic injuries in an amount authorized by Title VII, the Age Discrimination Act and other applicable law;

I. That punitive damages be awarded to each US citizen class member in the amount of $500,000, plus all available interest under applicable law;

J. Award of reasonable counsel fees and costs to compensate Plaintiff for prosecuting this action on her own behalf and that of the class;

K. That an order be issued for back pay with prejudgment interest and all benefits to which Plaintiff is entitled including interest thereon to the present time with the actual amount to be proven at trial;

L. That an order be issued for front pay and benefits, if the BBG does not or will not employ Plaintiff;

M. Compensation to Plaintiff for her physical, psychological and emotional harm in the sum of $300,000 plus all interest available under applicable law, for her

noneconomic injuries in an amount authorized by Title VII, the Age Discrimination Act and other applicable law;

N. That punitive damages be awarded to Plaintiff in the amount of $500,000, plus all available interest under applicable law;

O. Such other legal and equitable relief as may be just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues in this action.

Respectfully submitted,

Timothy B. Shea
DC Bar No. 234005
Nemirow Hu & Shea
1629 K Street, NW Suite 500
Washington, DC  20006
Tel. 202 835 0300
Fax 202 835 0306

11

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

06-1990
RJL

## I (a) PLAINTIFFS

BARTOOL KHAKSARI

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

KENNETH Y. TOMLINSON, CHAIRMAN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION

CASE NUMBER 1:06CV01990
JUDGE: Richard J. Leon
DECK TYPE: Employment Discrimination
DATE STAMP: 11/21/2006

JURY ACTION

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

TIMOTHY B. SHEA, NEMIROW, HU + SHEA
1629 K ST., NW #500, WASH, DC
tel 202-835-0300

## II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☒ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

③

| ☐ G. *Habeas Corpus/2255* | ☒ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 USC 623 et seq.; 42 USC 2000e et seq.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO  If yes, please complete related case form.

DATE 11.21.06  SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.