UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| BARTOOL KHAKSARI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1990 (RJL) |
| ) | |
| KENNETH Y. TOMLINSON, Chairman, ) | |
| Broadcasting Board of Governors, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S CONSENT MOTION FOR EXTENSION OF TIME**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, the defendant

Broadcasting Board of Governors, by and through its undersigned counsel, respectfully moves

for an enlargement of time to respond to the Complaint.  Specifically, defendant requests that the

Court extend the deadline for filing a response from January 26, 2007 until March 8, 2007.

Plaintiff, through her counsel, graciously consents to the relief being sought in this motion, and

to accommodate the time needed by the government, undersigned counsel agreed to request that

plaintiff's deadline for filing a motion pursuant to Local Civil Rule 23.1(b) be extended until 90

days after defendant files a response to the complaint.  The grounds for the requested relief are

set forth below.

This case arises out of plaintiff's former employment by the Broadcasting Board of

Governors ("BBG") under a contract for services.  Plaintiff was employed by BBG between

November, 2003, and April, 2005.  Complaint, ¶ 6.  In this case, plaintiff alleges that she was not

selected for multiple positions within the agency both during and after her employment because

of her age, gender, and national origin (Iranian), and that the agency retaliated against her for

complaining about perceived discrimination by terminating her contract. Complaint, ¶¶ 7, 9, 10.

Furthermore, plaintiff alleges that the agency's supposed policy of hiring non-citizens for

positions when qualified citizens are available for employment violates 22 U.S.C. § 1474. With

regard to the last theory, plaintiff's complaint includes allegations purporting to bring this claim

on behalf of a class of similarly situated individuals. Complaint, ¶¶ 25-29. In addition to

pursuing the BBG's process for addressing discrimination complaints, plaintiff alleges that she

also filed a complaint with the Equal Employment Opportunity Commission. Complaint, ¶ 13.

As a result, this case concerns multiple positions and theories which require somewhat more

analysis and fact-gathering than the typical employment case.

　　The U.S. Attorney's Office was served with a copy of the complaint on November 27,

2006. Promptly after the U.S. Attorney's Office was served, counsel with daily responsibility

for this matter contacted the BBG to obtain information and assistance. Personnel at the BBG

have provided a report of investigation concerning plaintiff's individual administrative

complaints handled by BBG, but as of the filing of this motion, still more information is needed

to allow counsel to respond fully to the complaint. In large part, this request is necessitated by

the heavy docket of active cases with numerous deadlines and matters assigned to the Assistant

United States Attorney with daily responsibility for this matter and the temporary absence of

agency counsel for a couple of weeks at the beginning of the year.

　　This request for a few additional days at the outset of this case is filed in good faith and

will not unduly delay the Court's resolution of this matter. This is defendant's first request for

an extension of time in the case. No scheduling order has been entered and no pending deadlines

will be affected by granting the extension.  Allowing defendant a reasonable amount of time to

evaluate the claims and possible defenses serves the interests of the parties and the Court.

Upon consultation, plaintiff's counsel noted that Local Civil Rule 23.1(b) requires

plaintiff to file a motion to certify a class within 90 days of filing the complaint.  Because

defendant requires some additional time to respond to the Complaint, counsel for the parties

agreed that it is reasonable to allow plaintiff to receive that response prior to filing her motion, if

any, for class certification.  Accordingly, defendant respectfully requests that the Court extend

the time for plaintiff to file a motion under Local Civil Rule 23.1(b) until 90 days after defendant

responds to the complaint.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the time

for responding to the Complaint be extended to and including March 8, 2007, and that the Court

extend the time for plaintiff to file a motion for class certification until June 6, 2007.  A proposed

order is attached.

Dated: January 24, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BARTOOL KHAKSARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-1990 (RJL) |
| | ) | |
| KENNETH Y. TOMLINSON, Chairman, | ) | |
| BROADCASTING BOARD OF GOVERNORS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

UPON CONSIDERATION of defendant's consent motion for enlargement of time to file a response to the Complaint and the entire record in this case, the Court finds that good cause exists for the requested enlargement.  Accordingly, it is hereby

**ORDERED** that defendant's motion is **GRANTED**, and defendant shall have through and including March 8, 2007 to file a response to the Complaint.

**IT IS FURTHER ORDERED** that the time for plaintiff to file a motion for class certification pursuant to Local Civil Rule 23.1(b) is extended through June 6, 2007.

_____
Date

_____
RICHARD J. LEON
United States District Judge

Copies to:  Counsel of Record Through ECF