United States District Court
For the District of Columbia

| | |
|---|---|
| Bartool Khaksari,<br>    Plaintiff,<br><br>v.<br><br>Kenneth Y. Tomlinson,<br>Chairman,<br>    Defendant. | )<br>)<br>)<br>)<br>)   CA No. 06 cv 1990 (RJL)<br>)<br>)<br>)<br>) |

**Plaintiff's Consent Motion for Enlargement of Time**

Pursuant to Rule 6(b), Fed. R. Civ. P., Plaintiff respectfully moves for enlargement of time to move for class certification under Rule 23, Fed. R. Civ. P.

This is an action for monetary, equitable and declaratory relief brought by Plaintiff Bartool Khaksari against Defendant Kenneth Y. Tomlinson in his official capacity as Chairman of the Broadcasting Board of Governors ("BBG") to redress discrimination based on age, sex, race, national origin, religion and retaliation and to obtain review of unauthorized agency action in violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 623 *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. section 2000e *et seq.* ("Title VII"), 42 U.S.C. sections 1981 *et seq.*, the BBG governing law and charter, the Administrative Procedure Act, 5 U.S.C. section 706 and the law of the District of Columbia.

As alleged in her Complaint, Plaintiff is a US citizen who was passed over in competitive selections for which she was qualified in favor of non-citizen applicants. She seeks certification as a member of the class of US citizens who were injured by a BBG policy and practice of hiring non-citizens when suitably qualified US citizen applicants

are available to fill the position in violation of 22 U.S.C. §1474(1) (BBG authority to "employ, without regard to civil service or classification laws, aliens within the Untied States and abroad for service in the United States relating to the translation or narration of colloquial speech in foreign languages or the preparation and production of foreign language programs when suitably qualified United States citizens are not available when job vacancies occur …."). BBG administered "suitably qualified" United Sates citizens as meaning "minimally qualified" in the period immediately after enactment of this provision in 1979. Some years later BBG adopted the current construction of "suitably qualified" under section 1474 to permit selection of non-citizens when qualified US citizens are available in reliance upon a Congressional committee comment dated some time in 1983 or thereabouts. Plaintiff contends that BBG's construction of section 1474 is unlawful and not in accordance with the BBG charter.

With Plaintiff's consent Defendant moved for enlargement of time to March 8, 2007 to respond to the Complaint citing the workload of counsel. The motion also sought enlargement of the time for Plaintiff to move for class certification under Local Civil Rule 23(b)(1) to 90 days after Defendant filed a response to the Complaint.

On January 26, 2005 this Court granted an enlargement for Defendant to file a responsive pleading by February 25, 2007.

Under Local Civil Rule 23.1(b) Plaintiff is required to move for class certification within 90 days of the filing of the Complaint unless the Court in the exercise of its discretion has extended this period. The 90 day period from the filing of the Complaint will expire on or about February 19, 2007. Under the current schedule Defendant will not be required to have responded to the Complaint by that date.

Plaintiff respectfully moves for enlargement of the time to move for class certification under Local Civil Rule 23.1(b) to March 27, 2007 or 30 days after Defendant files its answer or other response to the Complaint, which ever is later.

This request is based on the fact that the rules do not contemplate the Plaintiff should be required to move for certification before Defendant has responded to the Complaint.

Plaintiff has not sought any extensions of time heretofore. No scheduling order has been issued in this case and no other deadlines will be affected by grant of this motion.

Counsel for Defendant has consented to this motion.

A proposed order is submitted herewith.

Respectfully submitted,

Timothy B. Shea
DC Bar no. 234005
1629 K Street, NW Suite 500
Washington, DC 20006
Tel 202 835 0300
Fax 202 835 0306

United States District Court
For the District of Columbia

| | |
|---|---|
| Bartool Khaksari,<br>    Plaintiff,<br><br>v.<br><br>Kenneth Y. Tomlinson,<br>Chairman,<br>    Defendant. | )<br>)<br>)<br>)<br>)   CA No. 06 cv 1990 (RJL)<br>)<br>)<br>)<br>) |

### Order

Upon consideration of plaintiff's motion for enlargement of time to file her motion for class certification under Rule 23, Fed. R. Civ. Proc., and Local Civil Rule 23.1(b) and the consent thereto of defendant and the entire record herein, it is hereby

**Ordered** that plaintiff's motion shall be granted; and it is further

**Ordered** that the time for plaintiff to move for class certification under Rule 23, shall be enlarged to and including March 27, 2007 or 30 days after defendant files its answer or other response to the complaint, which ever is later.

Richard J. Leon
United States District Judge

Dated: _____