UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARTOOL KHAKSARI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1990 (RJL) |
| ) | |
| KENNETH Y. TOMLINSON, Chairman, ) | |
| Broadcasting Board of Governors, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S CONSENT MOTION FOR EXTENSION OF TIME**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, the defendant Broadcasting Board of Governors, by and through its undersigned counsel, respectfully moves for a further enlargement of time to respond to the Complaint. Specifically, defendant requests that the Court extend the deadline for filing a response from February 26, 2007 until March 9, 2007. Plaintiff, through her counsel, graciously consents to the relief being sought in this motion. The grounds for the requested relief are set forth below.

As set forth in defendant's previous motion for an extension of time, this case arises out of plaintiff's former employment by the Broadcasting Board of Governors ("BBG") under a contract for services. Plaintiff was employed by BBG between November, 2003, and April, 2005. Complaint, ¶ 6. In this case, plaintiff alleges that she was not selected for multiple positions within the agency both during and after her employment because of her age, gender, and national origin (Iranian), and that the agency retaliated against her for complaining about perceived discrimination by terminating her contract. Complaint, ¶¶ 7, 9, 10. Furthermore, plaintiff alleges that the agency's supposed policy of hiring non-citizens for positions when

qualified citizens are available for employment violates 22 U.S.C. § 1474.  With regard to the last theory, plaintiff's complaint includes allegations purporting to bring this claim on behalf of a class of similarly situated individuals.  Complaint, ¶¶ 25-29.  In addition to pursuing the BBG's process for addressing discrimination complaints, plaintiff alleges that she also filed a complaint with the Equal Employment Opportunity Commission.  Complaint, ¶ 13.  As a result, this case concerns multiple positions and theories which require somewhat more analysis and fact-gathering than the typical employment case.

Defendant previously requested an enlargement of the deadline for filing an initial response to the complaint based on the need to obtain and analyze information from the agency and the trial schedule of the Assistant United States Attorney with daily responsibility for this matter.  Although the Court granted defendant's previous motion, it set the deadline for responding in this case sooner than requested, and, as it has turned out, right in the middle of the trial in Martin Desmond v. Alberto Gonzales, Civil Action No. 03-1729 (CKK).  The trial began on February 20, 2007 and is continuing day to day until completed.  As of the filing of this motion, the Assistant United States Attorney expects to remain in trial through at least Wednesday, February 28 and quite possibly into Thursday, March 1.  Although the Assistant United States Attorney working on both cases intended to attempt to work on the instant case over the weekend during trial, the significant snowstorm in the Washington, D.C. area disrupted even those plans.  In addition, counsel was fully occupied preparing for additional trial matters in Desmond.  Accordingly, defendant's counsel has not been able to prepare the response to the complaint in this case.  Coming out of trial, defense counsel already has a number of other

commitments in other, longer-pending cases which must also be completed, including completion of discovery in another employment discrimination case and several briefs.

Personnel at the BBG have provided a report of investigation concerning plaintiff's individual administrative complaints handled by BBG, as well as additional information, but more time is needed to allow counsel to prepare a response, consult with the agency, and have the response reviewed internally.  This request for a few additional days at the outset of this case is filed in good faith and will not unduly delay the Court's resolution of this matter.  Although this is defendant's second request for an extension of time in the case, it substantially duplicates defendant's first request.  No scheduling order has been entered and no pending deadlines will be affected by granting the extension.  Allowing defendant a reasonable amount of time to evaluate the claims and possible defenses serves the interests of the parties and the Court by having the issues properly joined from the outset.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the time for responding to the Complaint be extended to and including March 9, 2007.  A proposed order is attached.

Dated: February 26, 2007.

        Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

- 4 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARTOOL KHAKSARI,<br><br>　　　　Plaintiff,<br>　　v.<br><br>KENNETH Y. TOMLINSON, Chairman,<br>BROADCASTING BOARD OF GOVERNORS,<br><br>　　　　Defendant. | Civil Action No. 06-1990 (RJL) |

**ORDER**

UPON CONSIDERATION of defendant's second consent motion for enlargement of time to file a response to the Complaint and the entire record in this case, the Court finds that good cause exists for the requested enlargement. Accordingly, it is hereby

**ORDERED** that defendant's motion is **GRANTED**, and defendant shall have through and including March 9, 2007 to file a response to the Complaint.

_____　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　　RICHARD J. LEON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge


Copies to:  Counsel of Record Through ECF