UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BATOOL KHAKSARI,           )<br>                            )<br>     Plaintiff,            )<br>                            )<br>v.                          )<br>                            )<br>KENNETH Y. TOMLINSON,       )<br>Chairman, Broadcasting Board )<br>    of Governors,           )<br>                            )<br>     Defendant.             )<br>_____ ) | Civil Action No. 06-1990 (RJL) |

## ANSWER

Defendant Kenneth Y. Tomlinson, in his official capacity as Chairman, Broadcasting Board of Governors ("BBG" or the "Agency"), by and through his undersigned counsel, hereby answers plaintiff's Complaint in this matter as follows:

### First Defense

Plaintiff has failed to mitigate her damages.

### Second Defense

The Complaint contains certain claims on which relief may not be granted because Plaintiff has failed to exhaust the required administrative remedies properly and/or because plaintiff was an independent contractor rather than an employee.

### Third Defense

The Complaint contains certain claims over which the Court lacks subject matter jurisdiction because there is no waiver of sovereign immunity.

**Fourth Defense**

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of the opportunities provided by Defendant and to avoid harm otherwise.

**Fifth Defense**

To the extent the Complaint contains any claim under the Administrative Procedure Act, 5 U.S.C. § 706, it is barred by plaintiff's failure to exhaust administrative remedies, and plaintiff may not recover because defendant's actions were not arbitrary, capricious, or contrary to law. Further, any actions taken by defendant with respect to plaintiff were taken for legitimate, non-discriminatory reasons.

**Sixth Defense**

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

The initial, unnumbered introductory paragraph of the Complaint contains plaintiff's summary and characterization of plaintiff's claims, and legal conclusions to which no response is required. To the extent the initial, unnumbered introductory paragraph contains any allegations of fact, defendant denies.

**Jurisdiction**

1. Paragraph 1 contains plaintiff's statement regarding jurisdiction which is a conclusion of law to which no response is required, but defendant avers that because BBG is a federal agency, Title VII and the Age Discrimination in Employment Act, 29 U.S.C. § 626 ("ADEA") are the exclusive remedies for the claims raised in the Complaint.

2. Paragraph 2 contains plaintiff's legal conclusions concerning venue to which no response is required. To the extent a response is necessary, defendant admits that venue is proper in the District of Columbia because BBG is a federal agency with its principal office and records in the District of Columbia, but otherwise denies. See 42 U.S.C. § 2000e-5(f); 28 U.S.C. § 1391(e).

**Parties**

3. Defendant lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 3, and so denies.

4. Defendant admits the first sentence of paragraph 4. Defendant admits the second sentence of the paragraph to the extent that BBG employees are federal employees covered by various federal government pay systems. Defendant admits the third sentence of paragraph 4.

**Matters Complained Of**

5. Defendant lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 5, and so denies.

6. Defendant admits generally the allegations in paragraph 6.

7. Defendant admits the first sentence of paragraph 7. Defendant admits the second sentence of the paragraph only to the extent that plaintiff's name appeared on the certificate of eligibles for the vacancy which indicates that she met the minimum qualifications for the position, and otherwise denies. Defendant admits the third sentence of paragraph 7 to the extent that a male, non-citizen, non-Muslim applicant, under the age of 40, was selected for the position, but denies plaintiff's characterization that this applicant had skills inferior to those

possessed by the plaintiff, and avers that the selectee was judged to be the best qualified applicant for the position.

8. Defendant admits the allegations in the first two sentences of paragraph 8. Defendant lacks sufficient knowledge and information to form a belief as to the allegations in the third sentence of paragraph 8, and so denies.

9. Defendant denies the first sentence of paragraph 9 to the extent that plaintiff alleges that she applied for specific GS-11 international broadcaster positions within the Persian Service in late 2005. Defendant denies the second and third sentences of the paragraph. Defendant denies the fourth sentence to the extent that the term "eligible" is not defined. Defendant admits the fifth sentence to the extent that selections for GS-11 international radio broadcaster positions were made in January 2005. Defendant denies the sixth sentence. Defendant admits the seventh sentence to the extent that one or more non-citizen applicants, under the age of 40, were selected, but denies plaintiff's characterization that these applicants had skills inferior to those possessed by the plaintiff, and avers that the selectees were the best qualified for the positions.

10. Defendant admits the first sentence of paragraph 10. Defendant denies the second sentence of the paragraph to the extent that the term "eligible" is not defined. Defendant admits the third sentence to the extent that the vacancy was cancelled, but denies that the vacancy was "promptly readvertised" to the extent that this term is not defined. Defendant denies the fourth, fifth, and sixth sentences of paragraph 10, and avers that plaintiff failed to exhaust her administrative remedies with regard to the readvertised vacancy.

11. Defendant denies paragraph 11 as stated, but admits that the plaintiff was escorted off the premises by security, and avers that the reasons for her escort were unrelated to her discrimination complaint.

12. Paragraph 12 is a characterization of the plaintiff's damages to which no response is necessary. To the extent that paragraph 12 contains allegations of fact, defendant denies.

13. Defendant admits that plaintiff contacted an equal employment opportunity counselor and filed a formal complaint of discrimination with the Agency, but otherwise denies as stated, and avers that plaintiff failed to exhaust her administrative remedies with regard to the readvertised vacancy referenced in paragraph 10 of the Complaint. Defendant lacks sufficient knowledge and information to form a belief as to the allegations that plaintiff filed a complaint at the Equal Employment Opportunity Commission, and so denies.

14. Defendant denies paragraph 14.

15. Defendant admits the first sentence of paragraph 15. Defendant admits the second sentence of the paragraph to the extent that the plaintiff has exhausted her claims of discrimination based on sex, age, religion and reprisal in the three non-selection claims under vacancy announcement numbers M/P-04-107 (October 2004) and M/P-05-59 (August 2005) and recruitment bulletin number BBG-04-001 (January 2005), and otherwise denies.

16. Paragraph 16 contains an excerpt of a statute which is the best evidence of its contents.

17. Paragraph 17 contains a conclusion of law to which no response is required, but defendant admits the allegation of fact.

18. Defendant admits paragraph 18.

19.  Defendant admits paragraph 19 to the extent it refers to House Report No. 97-480 and Senate Report 97-429.

20.  Defendant admits paragraph 20, and all applicable guidelines are the best evidence of their contents.

21.  Defendant admits the allegations in paragraph 21 to the extent that BBG's statutory authority to hire non-U.S. citizens requires the Agency to hire U.S. citizens for a position who are equally or better qualified than a non-U.S. citizen.

22.  Defendant admits the first sentence of paragraph 22.  Defendant denies the second sentence of paragraph 22.

23.  Defendant denies paragraph 23.

24.  This paragraph contains plaintiff's characterization of her claims and is denied.

25.  This paragraph is plaintiff's characterization of her claims and is denied.  Defendant further avers that plaintiff has failed to exhaust her class allegations.

26.  This paragraph is plaintiff's characterization of her claims and is denied.  Defendant further avers that plaintiff has failed to exhaust her class allegations.

27.  This paragraph is plaintiff's characterization of her claims and is denied.  Defendant further avers that plaintiff has failed to exhaust her class allegations.

28.  This paragraph is plaintiff's characterization of her claims and is denied.  Defendant further avers that plaintiff has failed to exhaust her class allegations.

29. This paragraph is plaintiff's characterization of her claims and is denied.  Defendant further avers that plaintiff has failed to exhaust her class allegations.

## STATEMENT OF CLAIMS

### Count One (Age Discrimination)

30. Defendant re-alleges and incorporates by reference the responses contained in paragraphs 1-29 as if they were set forth in full.

31. Defendant admits to paragraph 31 to the extent that plaintiff accurately provided her date of birth on documents provided to the Agency.

32. Denies.

33. Denies.

### Count Two (Violation of Title VII)

25 *(as labeled in the Complaint)*. Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-29 as if they were set herein in full.

26 *(as labeled in the Complaint)*. Defendant admits paragraph 26 as to plaintiff's sex and religion to the extent that plaintiff provided this information accurately on documents submitted to the Agency, but denies as to her national origin and race as plaintiff failed to exhaust her administrative remedies with regard to these issues.

34. Denies.

35. Denies.

### Count Three (Violation of 42 U.S.C. § 1981, *et seq.*)

36. Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-29 as if they were set forth herein in full.

37. Defendant denies paragraph 37, and avers that Title VII is the exclusive remedy for claims of discrimination in federal employment.  Defendant further avers that plaintiff did not exhaust her administrative remedies with regard to these issues.

38. Defendant denies paragraph 38, and avers that Title VII is the exclusive remedy for claims of discrimination in federal employment.

39. Defendant denies paragraph 39, and avers that Title VII is the exclusive remedy for claims of discrimination in federal employment.

### Count Four (Retaliation)

40. Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-29 as if they were set forth herein in full.

41. Paragraph 41 is a characterization of plaintiff's claims to which no response is required.  To the extent that a response is required, this paragraph is denied.

42. Paragraph 42 is denied.  Defendant avers that plaintiff has failed to exhaust her administrative remedies for this count and that District of Columbia law does not apply.

### Class Claims

43. Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-29 as if they were set forth herein in full.

44. Paragraph 44 is a characterization of plaintiff's claims to which no response is required.  To the extent that a response is required, this paragraph is denied. Defendant further avers that plaintiff has not exhausted her administrative remedies with respect to her class claims.

45. Paragraph 45 is denied. Defendant further avers that plaintiff has not exhausted her administrative remedies with respect to her class claims.

**Prayer for Relief**

The unnumbered paragraph, including subparagraphs (A) through (O), following paragraph 45, contains plaintiff's prayer for relief to which no response is required. To the extent a response is required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever. In particular, defendant denies that plaintiff is entitled to recover any damages in connection with the actions alleged in the complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a and punitive damages may not be recovered. Defendant further avers that a jury trial, compensatory damages, and attorney's fees are not available under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, *et seq*. Except to the extent expressly admitted or qualified above, defendant hereby specifically denies each and every allegation in the Complaint.

Defendant, having fully answered, respectfully requests that this action be dismissed with prejudice and the Court grant such other and further relief as may be deemed appropriate, including payment of defendant's attorney fees and costs.

Dated: March 9, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

-10-