UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BARTOOL KHAKSARI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1990 (RJL) |
| JAMES K. GLASSMAN, Chairman, Broadcasting Board of Governors, | ) ) ) ) ) | |
| Defendant.[1] | ) ) | |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Local Rule 16.3, the parties respectfully submit their Joint Meet and Confer Statement. A brief summary of the claims and defenses is set forth below, and the remainder reflects the parties' discussion following the numbering and topics of Local Civil Rule 16.3(c). A proposed order is attached.

This is an employment discrimination action in which the Court has denied a motion for class certification, and plaintiff has filed a petition for review of that issue in the United States Court of Appeals for the District of Columbia Circuit. That appeal is pending under Docket No. 07-8008 (D.C. Cir.). Pursuant to Fed. R. Civ. P. 23(f), the remaining single-plaintiff case is not automatically stayed. This report proposes a discovery schedule for the non-class claims. Should the D.C. Circuit grant the plaintiff's petition for review, reverse, or remand with regard to the class certification issue, the substance of this report should be revisited.

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, James K. Glassman is automatically substituted for his predecessor in his official capacity.

PLAINTIFF'S POSITION. Plaintiff, who was employed by the BBG under a contract for services between November, 2003, and April, 2005, challenges her non-selection for three positions both during and after her employment as unlawfully discriminatory based on her age, gender, religion and national origin (Persian). Plaintiff also claims that the agency retaliated against her for complaining about perceived discrimination by terminating her contract. See Complaint, ¶¶ 6, 7, 9, 10. Plaintiff also alleges that the agency's written policy authorizing hiring aliens for positions when qualified U.S. citizens are available for employment violates 22 U.S.C. § 1474. For relief, among other things, plaintiff seeks a declaratory judgment, permanent injunctive relief, instatement into a position at the agency, compensatory damages, back-pay, and attorneys' fees and costs.

DEFENDANT'S POSITION. Defendant will show that plaintiff's contract for services in BBG's Persian Service were under the terms of a completed purchase order. Defendant denies that plaintiff's age, gender, national origin, religion or prior EEO activity played any role in the three selections for which plaintiff applied but was not selected. For example, with respect to one of the positions, plaintiff had not passed the requisite language and voice tests required for placement on the register of qualified applicants. With respect to another vacancy announcement, it was cancelled and no selection was made. With respect to the third selection, the qualifications of the person chosen were significantly superior to plaintiff's. Plaintiff also failed to exhaust timely some of the claims she is attempting to bring here.

Other portions of the Complaint are subject to dismissal based on failure to state a claim and/or the lack of a waiver of sovereign immunity. With regard to the agency's compliance with the statutory authority conferred by Congress in 22 U.S.C. § 1474, if that is properly challenged

in this case, BBG will show that its interpretation of the statute is not arbitrary, capricious, or contrary to law. In the interests of judicial economy, however, unless otherwise directed by the Court, defendant will file a single dispositive motion after the close of discovery.

The remainder of this report addresses the topics identified in Local Civil Rule 16.3.

1.	Defendant believes that it is likely that plaintiff's individual claims of discrimination and other violations can be resolved on a dispositive motion after some discovery is obtained. Plaintiff may seek partial summary judgment on certain issues. No dispositive motion has been filed to date.

2.	Plaintiff is considering filing an amended complaint by no later than January 31, 2008. If plaintiff adds a claim under the Administrative Procedure Act, defendant will file the administrative record prior to the close of discovery.

It is too early to tell whether there will be legal or factual issues the parties can agree upon, and plaintiff's pending appeal on the class certification question further complicates that assessment at this time. Counsel for the parties will work toward agreement on legal and factual issues going forward, as appropriate. The plaintiff does not currently anticipate needing to add any parties to this case.

3.	The parties do not consent to assignment of the case to a Magistrate Judge for all purposes, including trial.

4.	Counsel for the parties have had an initial discussion of the potential for settlement of this case, and are currently not optimistic regarding that possibility. Counsel have agreed to further consult with their clients and have a follow-up discussion prior to the initiation of discovery. At this time, counsel are not requesting outside assistance with exploring

settlement. If it appears that settlement is possible at some point in the future and the parties wish to pursue mediation or some other form of alternative dispute resolution, counsel for the parties will confer and advise the Court.

5. Counsel have discussed alternative dispute resolution options with their clients, but the parties do not believe that at this time they can benefit from referral to alternative dispute resolution procedures. Counsel will advise the Court if there is any change in this regard.

6. The parties propose that a schedule for these motions, if necessary, be set after discovery when counsel will have a better sense of the case and their calendars. In the alternative, the parties tentatively propose the following schedule: dispositive motions, if any, shall be filed on or before August 30, 2008; oppositions to dispositive motions shall be filed on September 28, 2008; and replies, if any, shall be filed on October 18, 2008.

7. The parties agree to exchange the initial disclosures listed in Fed. R. Civ. P. 26(a)(1) on January 30, 2008 or another date by mutual agreement.

8. The parties respectfully recommend that the Court allow seven months for discovery in this case due to the number and factual nature of the allegations. Accordingly, the parties request that discovery extend through July 30, 2008. The parties agree that the each side should be limited to ten (10) depositions. Plaintiff requests that the ordinary limit of 25 interrogatories be enlarged to allow plaintiff up to 40 interrogatories in this case. Defendant opposes allowing fifteen extra interrogatories at the outset due to the potential burden and expense which appear out of proportion. Defendant's counsel would be willing to revisit the issue after plaintiff exhausts her initial 25 interrogatories. Counsel for both parties are committed to work toward resolving any issues that arise during discovery. Defendant

anticipates that a Privacy Act protective order will be necessary and will confer with plaintiff's counsel and submit one to the Court for review and entry.

9. The parties agree that the requirements of the Fed. R. Civ. P. 26(a)(2) should be followed. The parties recommend Plaintiff's expert report be tendered to defendant's counsel no later than April 15, 2008 and Defendant's expert report be tendered to plaintiff's counsel no later than June 5, 2008.

10. Based on the November 1, 2007 Order of this Court, this case is not currently a class action, but the plaintiff recently appealed the November 1, 2007 denial of her motion for class certification and grant of defendant's motion to strike class allegations. Should the D.C. Circuit grant the petition for review, reverse, or remand with regard to the class certification issue, counsel for the parties respectfully note that the proposed schedule would likely need to be modified to accommodate class discovery. In that event, the parties would request that the Court conduct a status conference for purposes of establishing procedures for class discovery.

11. The parties do not anticipate any need to bifurcate trial or discovery in the current posture, however, should the D.C. Circuit grant the petition for review, reverse, or remand with regard to the class certification issue, bifurcation should also be revisited.

12. The parties request that the Court schedule a status conference after the completion of all discovery to set a schedule for briefing any motions or other further proceedings.

13. The parties agree that setting a trial date at this time is premature under all of the circumstances. The parties defer to the Court's practice in setting trial dates.

14. The parties do not have any other matters to raise with the Court at this time.

Dated: December 12, 2007.

Respectfully submitted,

/s/_____
TIMOTHY B. SHEA, Bar # 234005
Nemirow Hu & Shea
1629 K Street, N.W. - Suite 500
Washington, D.C. 20006
(202) 835-0300

Counsel for Plaintiff Khaksari

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

Counsel for Defendant