United States District Court
For the District of Columbia

| | |
|---|---|
| Batool Khaksari,<br>    Plaintiff,<br><br>v.<br><br>James Glassman,<br>Chairman,<br>Broadcasting Board of Governors,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CA No. 06-1990 (RJL)<br>)<br>)<br>)<br>) |

**Consent Motion to File First Amended Complaint**

Pursuant to Rule 15(a), Fed. R. Civ. Proc., Plaintiff hereby moves for leave to file her First Amended Complaint, attached hereto.

This is an action for monetary, equitable and declaratory relief brought by plaintiff Batool Khaksari against defendant James Glassman in his official capacity as Chairman of the Broadcasting Board of Governors ("BBG") to redress discrimination based on age, sex, race, national origin, religion and retaliation and to obtain review of unauthorized agency action.

The Complaint was filed on November 21, 2006. The Defendant answered on March 9, 2007. Plaintiff moved for class certification on March 27, 2007 and the defendant opposed the motion. In a minute order dated November 1, 2007 ("Order") the District Court denied her motion for class certification and struck the class allegations from her Complaint. A scheduling conference was held on December 19, 2007 and a proposed order setting out a schedule was filed.

In a petition under Rule 23(f), Fed. R. Civ. P., Plaintiff Khaksari and the class of United States citizen applicants she seeks to represent have sought permission from the

Circuit Court to appeal the Order dated November 1, 2007 denying her motion for class certification and striking the class allegations from her Complaint. In an Order dated January 30, 2008, the Court of Appeals ordered that the record be remanded to the district court for a statement of reasons for the denial of Plaintiff's motion for class certification; the Court requested the district court to return the record to the Court of Appeals upon issuance of the statement of reasons. The Court further ordered that the case be held in abeyance pending the issuance of the statement of reasons. See *In Re Batool Khaksari*, D.C. Cir. No. 07 – 8008.

No discovery has been initiated by any party so no claim of prejudice or delay can be made.

Defendant advises that it does not object to the filing of this amendment but Defendant expressly reserves all rights including the right to challenge all claims in the amended complaint.

Accordingly, leave to amend must be granted. A memorandum in support and proposed order is submitted herewith.

Respectfully submitted,

Timothy B. Shea
DC Bar No. 234005
Nemirow Hu & Shea
1629 K Street, NW Suite 500
Washington, DC  20006
Tel. 202 835 0300
Fax 202 835 0306

Attorney for Plaintiff Batool Khaksari

United States District Court
For the District of Columbia

| | |
|---|---|
| Batool Khaksari,<br>　　Plaintiff,<br><br>　　v.<br><br>James Glassman,<br>Chairman,<br>Broadcasting Board of Governors,<br>　　Defendant. | )<br>)<br>)<br>)<br>)　CA No. 06-1990 (RJL)<br>)<br>)<br>)<br>)<br>) |

**Memorandum of Points and Authorities in Support of Consent Motion to
File First Amended Complaint**

Pursuant to Rule 15(a), Fed. R. Civ. Proc., Plaintiff hereby moves for leave to file her First Amended Complaint, submitted herewith.

This is an action for monetary, equitable and declaratory relief brought by plaintiff Batool Khaksari against defendant James Glassman in his official capacity as Chairman of the Broadcasting Board of Governors ("BBG") to redress discrimination based on age, sex, race, national origin, religion and retaliation and to obtain review of unauthorized agency action.

**Procedural Posture**

The Complaint was filed on November 21, 2006. The Defendant answered on March 9, 2007. Plaintiff moved for class certification on March 27, 2007 and the defendant opposed the motion. In a minute order dated November 1, 2007 ("Order") the District Court denied Plaintiff's motion for class certification and struck the class allegations from her Complaint. A scheduling conference was held on December 19,

1

2007. The parties are preparing a scheduling order for the Court to capture the schedule set out at the conference.

In a petition under Rule 23(f), Fed. R. Civ. P., Plaintiff Khaksari and the class of United States citizen applicants she seeks to represent have sought permission from the Circuit Court to appeal the Order dated November 1, 2007 denying her motion for class certification and striking the class allegations from her Complaint. In an Order dated January 30, 2008, the Court of Appeals ordered that the record be remanded to the district court for a statement of reasons for the denial of Plaintiff's motion for class certification; the Court requested the district court to return the record to the Court of Appeals upon issuance of the statement of reasons. The Court further ordered that the case be held in abeyance pending the issuance of the statement of reasons. See *In Re Batool Khaksari*, D.C. Cir. No. 07 – 8008.

**Discussion**

Under Rule 15(a) Fed. R. Civ. P., leave to amend "shall be freely given when justice so requires." No discovery or other activity has been taken that would make this amendment untimely or otherwise prejudicial to the course of this case.

"Unless a defendant is prejudiced on the merits by a change in legal theory," a plaintiff is not bound by the legal theory on which he or she originally relied. *Harrison v. Rubin*, 174 F.3d. 249, 252 (D.C. Cir. 1999).

There being no claim of prejudice, leave to amend must be granted. A proposed order is submitted herewith.

Defendant has graciously consented to the filing of this motion but Defendant expressly reserves all rights including the right to challenge all claims in the amended complaint.

A proposed order is submitted herewith.

Respectfully submitted,

Timothy B. Shea
DC Bar No. 234005
Nemirow Hu & Shea
1629 K Street, NW Suite 500
Washington, DC  20006
Tel. 202 835 0300
Fax 202 835 0306

Attorney for Plaintiff Batool Khaksari

United States District Court
For the District of Columbia

| | | |
|---|---|---|
| Batool Khaksari,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CA No. 06-1990 (RJL) |
| James K. Glassman,<br>Chairman,<br>Broadcasting Board of Governors,<br>　　Defendant. | )<br>)<br>)<br>) | |

### Order

Upon consideration of plaintiff's motion to file her First Amended Complaint, defendant's consent thereto, and the entire record herein, it is hereby

Ordered that the motion shall be granted; and

Ordered that the First Amended Complaint shall be filed.

United States District Judge

Dated:

United States District Court
For the District of Columbia

Batool Khaksari, )
5801 Nicholson Lane Apt 211 )
North Bethesda, MD 20852 )
    Plaintiff, )
)
   v. )
)   CA No. 06-1990 (RJL)
James K. Glassman, )
Chairman, )   Jury Trial Demanded
Broadcasting Board of Governors, )
330 Independence Ave. Southwest, )
Washington, DC 20237 )
    Defendant. )

**First Amended Complaint**

This is an action for monetary, equitable and declaratory relief brought by plaintiff Batool Khaksari against defendant James K. Glassman in his official capacity as Chairman of the Broadcasting Board of Governors ("BBG") to redress discrimination based on age, sex, race, national origin, religion and retaliation and to obtain review of unauthorized agency action. These actions of BBG have violated plaintiff's rights under the Age Discrimination in Employment Act, 29 U.S.C. Section 623 *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. section 2000e *et seq.* ("Title VII"), 42 U.S.C. sections 1981 *et seq.*, the BBG governing law and charter, the Administrative Procedure Act, 5 U.S.C. section 706, the Declaratory Judgment Act, 28 U.S.C. section 2201, 5 U.S.C. section 2302(b) and the law of the District of Columbia.

1

## Jurisdiction

1. Jurisdiction and venue are properly lodged with this Court under 29 U.S.C. section 623 *et seq.*, 42 U.S.C. section 2000e, 28 U.S.C. section 1331, 5 U.S.C. section 706 and any related claims under the District of Columbia law. In addition this case satisfies the requirements of 28 U.S.C. section 1332.

2. Venue for this action is proper in the United States District Court for the District of Columbia under 28 U.S.C. section 1391. The actions that give rise to this complaint occurred in the District of Columbia. The amount in controversy exceeds $75,000, exclusive of costs and interest and plaintiff is a resident of the State of Maryland, and the defendant in this action is a resident of the District of Columbia.

## Parties

3. Plaintiff is a US citizen of Persian descent, Persian national origin and Muslim religion over the age of 50.

4. The Defendant is James K Glassman, the Chairman of the BBG, an independent Government agency responsible for Government sponsored broadcasting to foreign peoples and authorized to do business in the District of Columbia with offices located at 330 Independence Ave., Southwest, Washington, DC. BBG employees are federal employees governed by the standard general schedule service. BBG is an employer within the meaning of Title VII and 29 U.S.C. Section 623 *et seq.*

## Matters Complained of

5. Plaintiff speaks Farsi fluently. She successfully competed for a coveted position in the National University of Iran School of Law and, after completing her studies, was awarded a law degree in Iran. She practiced law there for many years before immigrating to the United States in the early 1980's. She became a naturalized US citizen.

6. Plaintiff worked under purchase order vendor services contract at the defendant BBG from November 2003 to April 2005. Her duties were primarily web casting news, translating and writing articles for Farsi news and radio announcing for Farsi language news.

7. In October 2004 Plaintiff applied for a GS 12 program research coordinator position in the Farsi service advertised under vacancy announcement no. M/P 04-107. Plaintiff was the only US citizen determined to be qualified for the position. A male, non-citizen, non- Muslim applicant under the age of 40 with knowledges and skills inferior to those of Plaintiff was selected for the position.

8. On January 19, 2005 Plaintiff contacted an equal opportunity counselor complaining that her non-selection was discriminatory. After she spoke with the counselor, she filed a formal complaint with the agency. Later, she filed a complaint at the Equal Employment Opportunity Commission.

9. In late 2005 Plaintiff applied for GS 11 international broadcaster (Persian Service) positions in the Farsi service. Plaintiff was wrongly excluded from the list of eligible applicants when she was wrongly failed on the voicing portion of her test. The evaluation of the voicing skills of tests is left to the unbridled discretion of the panel of evaluators. When she sought and obtained administrative review of

the scoring, she was rated eligible for the position. By then, however, the vacancies had been filled. Plaintiff was, in fact, fully qualified for the position. One or more non-citizen applicants under 40 years of age with knowledges and skills inferior to those of Plaintiff were selected for these positions.

10. In July 2005 Plaintiff applied for a GS 12 international broadcaster (Persian Service) position in the Farsi service advertised under vacancy announcement no. M/P 05-59. She was rated eligible for the position. Then, the vacancy was cancelled and promptly readvertised. In the readvertised vacancy plaintiff was wrongly excluded from the list of eligible applicants. Plaintiff was, in fact, fully qualified for the position. A non-citizen applicant under 40 years of age with knowledges and skills inferior to those of Plaintiff was selected for the position.

11. As a result of her complaints of discrimination including harassment and abusive conduct on BBG premises, her services contract with BBG was terminated by Defendant. On the day of the contract termination, Defendant acted to humiliate her in the work place by, *inter alia*, having Plaintiff escorted off the premises by security.

12. Plaintiff has suffered substantial anxiety, tension and depression attributable to the discriminatory, retaliatory and harassing treatment that she has received at BBG. Each of those conditions has continued over time owing to the willful, unreasonable activities of BBG.

13. Plaintiff contacted an equal opportunity counselor with regard to her non-selections and the exclusion of her from competition in the foregoing vacancies.

4

She thereafter spoke with the counselor, filed a formal complaint with the agency and a complaint at the Equal Employment Opportunity Commission.

14. Plaintiff has been retaliated against owing to the complaints of discrimination that she expressed since January 2005.

15. The EEOC issued a right to sue letter to Plaintiff dated September 26, 2006 advising that she had 90 days from receipt to initiate a civil action in an appropriate district court. Plaintiff has exhausted her remedies as to these actions of BBG.

16. BBG is granted authority to "employ, without regard to civil service or classification laws, aliens within the Untied States and abroad for service in the United States relating to the translation or narration of colloquial speech in foreign languages or the preparation and production of foreign language programs when suitably qualified United States citizens are not available when job vacancies occur ...." in 22 U.S.C. § 1474(1).

17. The "suitably qualified" language was introduced in section 1474 by Pub. L. 96-60, 93 Stat. 398, 400, dated August 15, 1949.

18. BBG administered "suitably qualified" United Sates citizens as meaning "minimally qualified" in the period immediately after enactment.

19. Some years later BBG adopted the current construction of "suitably qualified" under section 1474. The change in construction relied upon a Congressional committee comment dated some time in 1983 or thereafter.

20. Current BBG guidelines to managers relating to this section declare that "[b]ased on Congressional committee reports, the Agency has interpreted the term

5

'suitably qualified' to mean 'equally or better qualified.'" The Congressional committee reports referred to were dated in 1983 or thereabouts.

21. The import of that guidance is that BBG claims authority to hire non-citizens over qualified US citizen applicants unless the United States citizen is deemed by BBG to be equally or better qualified than the non-citizen.

22. BBG relied upon its current construction and guidance relating to section 1474 in the selection of the non-citizen applicant over Plaintiff in vacancy announcement no. M/P 04-107. BBG relied upon its current construction and guidance relating to section 1474 in the selection of the non-citizen applicants in vacancy announcements for GS 11 international broadcaster (Persian Service) positions in the Farsi service.

23. BBG's construction of section 1474 is unlawful and not in accordance with the BBG charter. BBG has no authority to hire aliens when qualified US citizen applicants are available to fill the position.

24. Plaintiff is a US citizen who was injured by the BBG policy and practice of claiming to authority to hire aliens when qualified US citizen applicants are available to fill the position.

25. Plaintiff complained to BBG of harassment and hostile work environment in connection with her tenure at BBG as a purchase order vendor. Further, she complained that her purchase order vendor contract was terminated in retaliation for her complaints to management of discrimination, harassment and hostile work environment. In response to Plaintiff's complaints BBG advised Plaintiff that she had no protection from discrimination, harassment, hostile work environment or

retaliation as a purchase order vendor and that BBG would not investigate such claims.

Statement of claims

**Count One (Age Discrimination)**

26. Plaintiff incorporates by reference all of the allegations of paragraphs nos. 1 to 25 of the Complaint as if they were set forth in full.

27. Plaintiff is a member of a protected class under the Age Discrimination Act owing to her age.

28. Defendant BBG willfully and with disregard for plaintiff's rights failed or refused to hire or promote plaintiff for the GS 11 and 12 positions because of Plaintiff's age.

29. The foregoing failures to promote were in violation of 29 U.S.C. section 623 *et seq*.

**Count Two (violation of title VII)**

25. Plaintiff repeats and incorporates by reference the allegation paragraphs nos. 1 to 25 of the Complaint as if they were set herein in full.

26. Plaintiff is a member of a protected class under Title VII by reason of her sex, Persian race, national origin and Muslim religion.

30. The BBG willfully and in disregard of Plaintiff's rights under Title VII, failed to hire and/ or promote Plaintiff for the GS 11 and 12 positions.

31. The foregoing failures to hire and /or promote were in violation of Title VII.

### Count three (violation of 42 U.S.C. section 1981 *et seq.*)

32. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 25 of the Complaint as if they were set forth herein and full.

33. Plaintiff is a member of a protected class under 42 U.S.C. sections 1981 *et seq.* by reason of her Persian race and national origin.

34. BBG willfully and in disregard of Plaintiff's rights under 42 U.S.C. sections 1981 and 1983 refused, failed to hire, engage and/ or promote Plaintiff for the GS 11 and 12 positions.

35. BBG terminated Plaintiff's purchase order vendor contract willfully and in disregard of Plaintiff's rights under 42 U.S.C. sections 1981 and 1983.

36. The foregoing failures to hire, engage and/ or promote and termination of purchase order vendor contract were in violation of 42 U.S.C. section 1981 *et seq.*

### Count Four (Retaliation)

37. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 36 of the Complaint as if they were set forth herein in full.

38. For her exercise of her rights to complain about discrimination and harassment BBG intentionally retaliated against Plaintiff in failing to select her for GS -11 and 12 positions, terminating her purchase order vendor contract, as well as in assignments, shifts, and imposing unreasonable terms and conditions of employment and in harassing her.

39. The foregoing retaliation was in violation of the 29 U.S.C. § 623 *et seq.*, Title VII, 42 U.S.C. sections 1981 and 1983, 5 U.S.C. section 2302(b) and District of Columbia law.

### Count Five (Administrative Procedure Act)

40. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 39 of the Complaint as if they were set forth herein in full.

41. BBG's construction and application of section 1474 is arbitrary, capricious and not in accordance with law. BBG has no authority to hire aliens when qualified US citizen applicants, such as Plaintiff, are available to fill the position. Plaintiff is aggrieved and injured by BBG's construction and actions under section 1474.

42. BBG's position that a purchase order vendor, such as Plaintiff, is unprotected from retaliation, harassment and hostile work environment, that BBG was free to terminate her contract in retaliation for her complaints of discrimination and harassment and that BBG had no obligation to investigate her complaints is arbitrary, capricious and not in accordance with law. Plaintiff is aggrieved and injured by this construction and action.

43. The foregoing BBG policies and practices are arbitrary, capricious and not in accordance with law and, as such, violate the Administrative Procedure Act, 5 U.S.C. section 706.

### Class Violations (United States citizen applicants)

44. Plaintiff incorporates by reference all of the allegations of paragraphs nos. 1 to 43 herein as if they were set forth herein in full.

45. BBG's unlawful policy and practice of hiring and promoting aliens when qualified US citizens are available is unlawful and discriminates against qualified US citizen applicants under 29 U.S.C. Section 623 *et seq.*, Title VII, and 42 U.S.C. Section 1981 *et seq.* and violates the Administrative Procedure Act.

46. The class of qualified US citizen applicants who were injured by the unlawful BBG policy and practice of hiring and promoting aliens constitutes a protected class entitled to relief under 29 U.S.C. Section 623 *et seq.*, Title VII, 42 U.S.C. Section 1981 *et seq.* and the Administrative Procedure Act.

**Prayer for relief**

Wherefore, Plaintiff respectfully requests that the Court enter judgment in her favor and against defendant BBG, and grant the following relief:

A. Enter an order declaring that the policy and practice by which BBG hires or promotes aliens for vacancies when qualified US citizen applicants are available be set aside as unlawful and discriminatory;

B. Enter an order declaring that each and every selection and /or action under the policy and practice by which BBG has selected aliens for vacancies for which Plaintiff applied or was qualified be set aside as unlawful and discriminatory;

C. Enter an order that the policy and practice whereby BBG disavows any interest in protecting purchase order vendors from discrimination, harassment and or retaliation in the workplace at BBG be set aside as unlawful and discriminatory;

D. Award of make whole damages including back pay with prejudgment interest and all benefits to which Plaintiff is entitled including interest thereon to the present time with the actual amount to be proven at trial;

E. Award of front pay and benefits, if the BBG does not or will not employ Plaintiff;

F. Award of compensation to Plaintiff for her physical, psychological and emotional harm in the sum of $300,000 plus all interest available under applicable law, for each incident of discrimination or retaliation and injury to her in an amount authorized by Title VII, the Age Discrimination Act, 42 U.S.C. sections 1981 and 1983 and other applicable law;

G. Award of punitive damages be awarded to Plaintiff in the amount of $500,000, plus all available interest under applicable law;

H. Injunctive relief to make Plaintiff whole;

I. That a class be certified consisting of all US citizen applicants for employment to BBG for a position in the United States in which the selectee in the vacancy was an alien;

J. That plaintiff be appointed as the class representative;

K. That each and every selection and /or action under the policy and practice whereby BBG has selected aliens for vacancies when qualified US citizens were available be set aside as unlawful and discriminatory;

L. That US citizen members of that class described above be awarded make whole relief in the form of injunctive relief, back pay and front pay including interest thereon; for physical, psychological and emotional harm in the sum of $300,000 plus all interest available under applicable law, for each incident of discrimination or retaliation and injury to her in an amount authorized by Title VII, the Age Discrimination Act, 42 U.S.C. sections 1981 and 1983 and other applicable law; punitive damages be awarded to each class member in the amount of $500,000 plus all available interest; injunctive relief to make the class whole and to provide structural remedies in the workplace for the injured class;

M. Award of reasonable counsel fees and costs to compensate Plaintiff for prosecuting this action on her own behalf and on behalf of the class; and

N. Such other legal, injunctive and equitable relief as may be just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues in this action.

Respectfully submitted,

Timothy B. Shea
DC Bar No. 234005
Nemirow Hu & Shea
1629 K Street, NW Suite 500
Washington, DC 20006
Tel. 202 835 0300
Fax 202 835 0306