# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BATOOL KHAKSARI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1990 (RJL)** |
| | ) | |
| **JAMES K. GLASSMAN,** | ) | |
| **Chairman, Broadcasting Board** | ) | |
| **of Governors,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant James K. Glassman, in his official capacity as Chairman, Broadcasting Board of Governors ("BBG" or the "Agency"), by and through his undersigned counsel, hereby answers plaintiff's First Amended Complaint [Docket Entry No. 17] in this matter as follows:

### First Defense

Plaintiff has failed to mitigate her damages.

### Second Defense

The First Amended Complaint contains certain claims on which relief may not be granted because Plaintiff has failed to exhaust the required administrative remedies properly and/or because plaintiff was an independent contractor rather than an employee.

### Third Defense

The First Amended Complaint contains certain claims over which the Court lacks subject matter jurisdiction because there is no waiver of sovereign immunity.

### Fourth Defense

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of the opportunities provided by Defendant and to avoid harm otherwise.

### Fifth Defense

Plaintiff's claims under the Administrative Procedure Act, 5 U.S.C. § 706, are barred by plaintiff's failure to exhaust administrative remedies, the lack of a final agency action, and/or the availability of another adequate remedy.  In addition, plaintiff may not recover because defendant's actions were not arbitrary, capricious, or contrary to law.  Further, any actions taken by defendant with respect to plaintiff were taken for legitimate, non-discriminatory reasons.

### Sixth Defense

The First Amended Complaint includes claims upon which relief may not be granted and/or over which the Court lacks jurisdiction and/or for which there is no waiver of sovereign immunity.

### Seventh Defense

Defendant's actions with respect to the claims in this case were in full compliance with law and regulation.  Defendant's internal rules do not eschew any standards imposed by 22 U.S.C. § 1474 or any other relevant statutes.  Any actions taken by Defendant with respect to selection of a non-U.S. citizen for the vacant positions in question were taken in compliance with law, rule and regulation and plaintiff cannot demonstrate unlawfulness.

### Eighth Defense

In response to the numbered paragraphs of the First Amended Complaint, Defendant admits, denies or otherwise avers as follows:

The initial, unnumbered introductory paragraph of the First Amended Complaint contains plaintiff's summary and characterization of plaintiff's claims, and legal conclusions to which no response is required. To the extent the initial, unnumbered introductory paragraph contains any allegations of fact, defendant denies.

## Jurisdiction

1. Paragraph 1 contains plaintiff's allegations regarding jurisdiction and venue which are conclusions of law to which no response is required, but defendant denies that it is subject to suit under "District of Columbia law" and further denies that 28 U.S.C. § 1332 applies. Defendant further avers that because BBG is a federal agency, Title VII and the Age Discrimination in Employment Act, 29 U.S.C. § 626 ("ADEA"), are the exclusive remedies for claims for monetary relief raised in the First Amended Complaint.

2. Paragraph 2 contains plaintiff's legal conclusions concerning venue to which no response is required. To the extent a response is necessary, defendant admits that venue is proper in the District of Columbia because BBG is a federal agency with its principal office and records in the District of Columbia, and that the actions giving rise to this action occurred in the District of Columbia, but otherwise denies. See 42 U.S.C. § 2000e-5(f); 28 U.S.C. § 1391(e).

## Parties

3. Defendant lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 3, and so denies.

4. Defendant admits the first sentence of paragraph 4. Defendant admits the second sentence of paragraph 4 to the extent that BBG employees are federal employees covered by various federal government pay systems. Defendant admits the third sentence of paragraph 4.

**Matters Complained Of**

5.   Defendant lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 5, and so denies.

6.   Defendant admits generally the allegations in paragraph 6.

7.   Defendant admits the first sentence of paragraph 7.  Defendant admits the second sentence of the paragraph only to the extent that plaintiff's name appeared on the certificate of eligibles for the vacancy which indicates that she met the minimum qualifications for the position, and otherwise denies.  Defendant admits the third sentence of paragraph 7 to the extent that a male, non-citizen, non-Muslim applicant, under the age of 40, was selected for the position, but denies plaintiff's characterization that this applicant had skills inferior to those possessed by the plaintiff, and avers that the selectee was judged to be the best qualified applicant for the position.

8.   Defendant admits the allegations in the first two sentences of paragraph 8.  Defendant lacks sufficient knowledge and information to form a belief as to the allegations in the third sentence of paragraph 8, and so denies.

9.   Defendant denies the first sentence of paragraph 9 to the extent that plaintiff alleges that she applied for specific GS-11 international broadcaster positions within the Persian Service in late 2005.  Defendant denies the second and third sentences of the paragraph.  Defendant denies the fourth sentence, except to admit that status of plaintiff's voice test was changed from fail to pass on March 21, 2005, and defendant avers that from that date forward, plaintiff's name appeared on the register of applicants eligible for referral for International Broadcaster, GS-11, positions with the Persian Service.  Defendant admits the fifth sentence to the extent that selections for GS-11 international radio broadcaster positions were made in January 2005.  Defendant denies the sixth

sentence.  Defendant admits the seventh sentence to the extent that one or more non-citizen applicants, under the age of 40, were selected, but denies plaintiff's characterization that these applicants had skills inferior to those possessed by the plaintiff, and avers that the selectees were the best qualified for the positions.

10.  Defendant admits the first sentence of paragraph 10.  Defendant denies the second sentence of the paragraph to the extent that the term "eligible" is not defined.  Defendant admits the third sentence to the extent that the vacancy announcement was cancelled, but denies that the vacancy was "promptly readvertised" to the extent that this term is not defined.  Defendant denies the fourth, fifth, and sixth sentences of paragraph 10, and avers that plaintiff failed to exhaust her administrative remedies with regard to the readvertised vacancy.

11.  Defendant denies paragraph 11 as stated, but admits that the plaintiff was escorted off the premises by security, and avers that the reasons for her escort were unrelated to her complaints of discrimination or any other protected activity.  Defendant denies any harassment or abusive conduct by its employees.

12.  Defendant denies paragraph 12.

13.  Defendant admits that plaintiff contacted an equal employment opportunity counselor and filed a formal complaint of discrimination with the Agency on or about July 7, 2005 which the Agency assigned Complaint Number OCR-05-26, but denies that plaintiff timely and properly exhausted her administrative remedies with regard to all of the claims in the First Amended Complaint, including the readvertised vacancy referenced in paragraph 10 above.  Defendant lacks sufficient knowledge and information to form a belief as to the allegations that plaintiff filed a complaint at the Equal Employment Opportunity Commission, and so denies.

14.  Defendant denies paragraph 14.

15.  Defendant admits the first sentence of paragraph 15.  Defendant admits the second sentence of the paragraph only to the extent that the plaintiff has exhausted her claims of discrimination based on sex, age, religion and reprisal in the three non-selection claims under vacancy announcement numbers M/P-04-107 (October 2004) and M/P-05-59 (August 2005) and recruitment bulletin number BBG-04-001 (January 2005), and otherwise denies.

16.  Paragraph 16 contains an excerpt of a statute which is the best evidence of its contents.

17.  Paragraph 17 contains a conclusion of law to which no response is required, but defendant admits the allegation of fact that the "suitably qualified" language was introduced in 1949.

18.  Defendant admits paragraph 18.

19.  Defendant admits paragraph 19 to the extent it refers to House Report No. 97-480 and Senate Report 97-429.

20.  Defendant admits paragraph 20 to the extent it refers to House Report No. 97-480 and Senate Report 97-429, and avers that all applicable BBG guidelines are the best evidence of their contents.

21.  Paragraph 21 contains plaintiff's characterizations to which no response is required.  To the extent paragraph 21 contains any allegation of fact, defendant admits that BBG interprets its statutory authority to mean that a non-U.S. citizen may be employed or promoted if no equally or better qualified U.S. citizen is available to perform the duties of the position.

22.  Defendant admits the first sentence of paragraph 22.  Defendant denies the second sentence of paragraph 22.

23.  Defendant denies paragraph 23, and avers that 22 U.S.C. § 1474 provides statutory authority for the Agency to hire non-citizens who are better qualified than applicants who are U.S. citizens.

24.  Defendant lacks sufficient knowledge and information to form a belief as to the allegations regarding plaintiff's citizenship, and so denies.  The remainder of paragraph 24 contains plaintiff's characterization of her claims and damages, so no response is required.  To the extent the remainder of paragraph 24 contains any allegation of fact, defendant denies.

25.  Defendant denies paragraph 25 as stated.  Defendant admits the allegations of fact in paragraph 25 to the extent that plaintiff's claims for harassment, hostile work environment, and retaliation were dismissed  by letter dated August 15, 2005, which is the best evidence of its contents.  Defendant further denies that plaintiff's complaints of discrimination motivated the Agency's decision  not to extend the purchase order for her services.

## STATEMENT OF CLAIMS

### Count One (Age Discrimination)

26.  Defendant re-alleges and incorporates by reference the responses contained in paragraphs 1-25 as if they were set forth in full.

27.  Defendant admits to paragraph 31 to the extent that plaintiff accurately provided her date of birth on documents she provided to the Agency.

28.  Defendant denies paragraph 28.

29.  Defendant denies paragraph 29.

## Count Two (Violation of Title VII)

25 *(as labeled in the First Amended Complaint)*.  Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-25 as if they were set herein in full.

26 *(as labeled in the First Amended Complaint)*.  Defendant admits paragraph 26 as to plaintiff's sex and religion to the extent that plaintiff provided this information accurately on documents submitted to the Agency, but denies as to her national origin and race as plaintiff failed to exhaust her administrative remedies with regard to these issues.

30.  Defendant denies paragraph 30.

31.  Defendant denies paragraph 31.

## Count Three (Violation of 42 U.S.C. § 1981, *et seq.*)

32.  Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-25 as if they were set forth herein in full.

33.  Defendant denies paragraph 33, and avers that Title VII is the exclusive remedy for claims of discrimination in federal employment, and that 42 U.S.C. § 1981 does not provide any waiver of sovereign immunity.  Defendant further avers that plaintiff did not exhaust her administrative remedies with regard to these issues.

34.  Defendant denies paragraph 34, and avers that Title VII is the exclusive remedy for claims of discrimination in federal employment.

35.  Defendant denies paragraph 35, and avers that Title VII is the exclusive remedy for claims of discrimination in federal employment.

36.  Defendant denies paragraph 36, and avers that Title VII is the exclusive remedy for claims of discrimination in federal employment.

**Count Four (Retaliation)**

37.  Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-36 as if they were set forth herein in full.

38.  Defendant denies paragraph 38.

39.  Defendant denies paragraph 39, and avers that plaintiff has failed to exhaust her administrative remedies for the claims raised in this count.  Defendant further avers that District of Columbia law and 42 U.S.C. sections 1981 and 1983 do not apply.  Defendant further avers that plaintiff has not exhausted her administrative remedies for any claims under 5 U.S.C. section 2302(b).

**Count Five (Administrative Procedure Act)**

40.  Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-39 as if they were set forth herein in full.

41.  Defendant denies paragraph 41.

42.  Defendant admits that it dismissed certain complaints raised by plaintiff at the administrative process, and avers that it investigated other complaints by plaintiff relating to her non-selection for certain positions, and that the report of investigation for Agency Complaint No. OCR-05-26 is the best evidence of its contents.  Defendant further avers that its investigatory actions or omissions at the administrative level do not injure plaintiff because of the availability of judicial and other review.  To the extent paragraph 42 contains any other allegations of fact, defendant denies.

43.  Defendant denies paragraph 43, and avers that this paragraph fails to state a claim under the Administrative Procedure Act.

**Class Violations (United States citizen applicants)**

44.    Defendant re-alleges and incorporates by reference all of the responses contained in paragraphs 1-43 as if they were set forth herein in full.

45.    Paragraph 45 contains legal conclusions and characterization of plaintiff's claims to which no response is required.  To the extent that paragraph 45 contains any allegation of fact, defendant denies, and avers that plaintiff has not exhausted her administrative remedies with respect to any class claims.  The District Court dismissed plaintiff's class claims on November 1, 2007.

46.    Defendant denies paragraph 46, and avers that plaintiff has not exhausted her administrative remedies with respect to any class claims.  The District Court dismissed plaintiff's class claims on November 1, 2007.

**Prayer for Relief**

The unnumbered paragraph, including subparagraphs (A) through (O), following paragraph 46, contains plaintiff's prayer for relief to which no response is required.  To the extent a response is required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.  In particular, defendant denies that plaintiff is entitled to recover any damages in connection with the actions alleged in the First Amended Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a, and punitive damages may not be recovered in any amount.  In addition, any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).  Defendant further avers that a jury trial, compensatory damages, and attorney's fees are not available under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq*.  Except to the extent expressly admitted or qualified above, defendant hereby specifically denies each and every allegation in the First Amended Complaint.

-10-

Defendant, having fully answered, respectfully requests that this action be dismissed with prejudice and the Court grant such other and further relief as may be deemed appropriate, including payment of defendant's costs.

Dated: March 3, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

-11-