UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARTOOL KHAKSARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Case No. 06cv1990 (RJL) |
| KENNETH Y. TOMLINSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

STATEMENT OF REASONS FOR DENIAL OF CLASS CERTIFICATION
(July 23, 2008)

Plaintiff Bartool Khaksari alleged that the Broadcasting Board of Governors ("BBG") discriminated against her and other U.S. citizens when it hired non-citizens for positions for which the citizens were qualified. She moved this Court to certify a class of U.S. citizens to challenge this alleged discrimination. However, because discrimination based on citizenship was not prohibited by any statute cited in the plaintiff's complaint, defendant's motion to strike the "Class Claims" was granted, and plaintiff's motion for class certification was denied as moot. On January 30, 2008, the Court of Appeals for the District of Columbia remanded the record to this Court for a statement of reasons for the denial of plaintiff's class certification. The Court issues this statement in response to our Circuit Court's

1

remand.

## I. Background

Bartool Khaksari is a female, Persian-born Muslim. Compl. ¶ 3. She is a United States citizen and over the age of 50. *Id.* A fluent Farsi speaker, she was employed as a contract translator and news writer at defendant BBG from November 2003 to April 2005. *Id.* ¶¶ 5, 6. Between October 2004 and late 2005, Plaintiff applied for several positions at BBG but was not selected. *Id.* ¶¶ 7-10. Plaintiff contends that she was the only qualified U.S. citizen applying for at least one of the positions, but BBG selected a non-citizen applicant. *Id.* ¶ 7.

The governing statute of BBG states that aliens may be employed by the agency "when suitably qualified United States citizens are not available." 22 U.S.C. § 1474(1). Plaintiff construes this statute to mean that non-citizens can only be hired in the absence of qualified U.S. citizens. Compl. ¶ 23. BBG allegedly did not comply with the statute when it hired non-citizens for jobs for which qualified citizens applied. *Id.* ¶ 25.

On January 19, 2005 Plaintiff filed a complaint with the EEOC alleging that BBG discriminated against her when it did not select her for a position for which she was the only citizen applicant. *Id.* ¶ 8. The EEOC issued her a right-to-sue letter on September 26, 2006. *Id.* ¶ 15.

2

In November 2006, plaintiff sued BBG, alleging that her non-selection was the result of discrimination on the basis of her age (over 50), her sex (female), her national origin (Persian), her religion (Muslim), and her citizenship (United States). Plaintiff's only mention of discrimination on the basis of citizenship is in her "Class Claims." *Id.* ¶¶ 43-45. She alleges that "BBG's unlawful policy and practice of hiring and promoting non-citizens when qualified US citizens are available discriminates against qualified US citizen applicants under 29 U.S.C. Section 623 et seq., Title VII, and 42 U.S.C. Sections 1981 et seq." *Id.* ¶ 44.

Defendant filed an answer, then, in response to plaintiff's motion for certification of a class of U.S. citizens injured by BBG's employment practices, moved to dismiss the plaintiff's claims of discrimination on the basis of citizenship. The Court granted the motion to dismiss and denied the motion for class certification for the reasons outlined below. The case is proceeding in this Court on plaintiff's remaining individual claims.

## II. Discussion

### A. *Standard of Review*

Defendant moved to strike Plaintiff's allegations of citizenship discrimination pursuant to Federal Rule of Civil Procedure 12(b)(6). Because defendant moved to dismiss after it filed its answer, thereby violating the restriction

3

in Rule 12(b) that such a motion "must be made before pleading," Fed. R. Civ. P. 12(b), the court treated defendant's motion as one for partial judgment on the pleadings under Rule 12(c). *See Summers v. Howard Univ.*, 127 F. Supp. 2d 27, 29 (D.D.C. 2000). Under Rule 12(c), the standard of review is virtually identical to the standard for a motion to dismiss, and a court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Summers*, 127 F. Supp. 2d at 29 (internal citations omitted); *Transworld Prods. Co. v. Canteen Corp.*, 908 F. Supp. 1, 2 (D.D.C. 1995). A court will grant the motion if, after the close of the pleadings, "no material fact remains in dispute, and the moving party is entitled to judgment as a matter of law." *Transworld Prods. Co.*, 908 F. Supp. at 1.

    B.    *Sequence of Decision*

Plaintiff sought to certify a class of United States citizens, alleging that BBG's selection of non-citizens for positions qualified citizens could have filled violated Title VII, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, and 42 U.S.C. § 1981. Compl. ¶¶ 44-45. Federal Rule of Civil Procedure 23 states that courts should determine if an action is to be maintained as a class "[a]t an early practicable time" after its commencement. Fed. R. Civ. P. 23(c)(1)(A). However, courts have

significant discretion in determining the timing for a class certification ruling, and judges have found it appropriate to consider pending motions before deciding the certification question. *See Cruz v. Am. Airlines*, 150 F. Supp. 2d 103, 111 (D.D.C. 2001) ("If the resolution of the summary judgment motion may eliminate the need to consider the certification motion *ab initio*, the court's interest in preserving judicial resources, as well as the resources of the litigants, counsels in favor of addressing the summary judgment motion first."); *Hyman v. First Union Corp.*, 982 F. Supp. 8, 11 (D.D.C. 1997).

In this case, the Court turned first to the motion for judgment on the pleadings because resolution of that question may have mooted the class certification issue. Upon review of the record and the relevant caselaw, the Court indeed found that defendants are entitled to judgment as a matter of law on plaintiff's claims of discrimination on the basis of citizenship, rendering the class certification question moot.

C.   *Analysis*

Plaintiff cited three statutes – the ADEA, Title VII, and Section 1981 – as the basis for her citizenship discrimination claims. She does not state a cognizable claim under any of these laws.

First, the ADEA only prohibits employers from discriminating against

5

individuals because of their age. 29 U.S.C. § 623(a). The statute makes no mention of citizenship. Defendant was therefore entitled to judgment as a matter of law on this claim.

Second, citizenship is not a protected class under Title VII. *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 95 (1973) ("[N]othing in the Act makes it illegal to discriminate on the basis of citizenship."). Plaintiff could only have succeeded on her Title VII claim if she alleged defendant used citizenship as a pretext for national origin discrimination. *Espinoza*, 414 U.S. at 92; *Anderson v. Zubieta*, 180 F.3d 329, 340 (D.C. Cir. 1999). She did not. Plaintiff alleged that U.S. citizens – regardless of their ancestry or nation of birth – were not receiving the benefits to which they were statutorily entitled. Under these circumstances, a naturalized citizen suffered the same discrimination as an American-born citizen; citizenship clearly did not serve as a proxy for national origin. Because discrimination solely on the basis of citizenship does not violate Title VII, plaintiff's claim failed as a matter of law. *See, e.g., Novak v. World Bank*, No. 79-0641, 1979 WL 225 at *1 (D.D.C. June 13, 1979) (alleged discrimination against U.S. citizens did not violate Title VII).

Third, Section 1981 does not redress discrimination on the basis of citizenship. Courts to have considered the boundaries of Section 1981 have limited its provisions to racial discrimination. *See Hyman v. First Union Corp.*, 980 F. Supp. 46, 52 (D.D.C. 1997) (finding that Section 1981 prohibited only racial

discrimination, not national origin discrimination); *Kurylas v. U.S. Dep't of Agric.*, 373 F. Supp. 1072, 1075 (D.D.C. 1974) ("§ 1981 is directed specifically at racial discrimination."). Plaintiff thus could not maintain her claim for citizenship discrimination under Section 1981.

Viewing the evidence in the light most favorable to the plaintiff, the Court found that she has no basis for her citizenship discrimination claims as a matter of law. Defendant's motion for partial judgment on the pleadings was therefore GRANTED and plaintiff's motion for class certification, which was based wholly on her claims of citizenship discrimination, was DENIED as moot.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge