UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BATOOL KHAKSARI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH Y. TOMLINSON[1] )<br>)<br>Defendant. )<br>_____ ) | Civil Case No. 06cv1990 (RJL) |

MEMORANDUM OPINION
(August 5, 2009)

Plaintiff Batool Khaksari's action against the Broadcasting Board of Governors ("BBG" or "Agency") alleges, *inter alia*, that BBG exceeded its statutory authority when it rejected her applications for three job vacancies and hired non-citizens instead. Before the Court are the parties' cross-motions addressing plaintiff's challenge to BBG's hiring practices as unlawful under the Administrative Procedure Act ("APA"). After consideration of the parties' pleadings and motions, the relevant law, and the entire record herein, the Court DENIES plaintiff's Motion for Partial Summary Judgment and GRANTS the defendant's Cross-Motion to Dismiss Count Five of plaintiff's Complaint.

BACKGROUND

Batool Khaksari is a female, Persian-born Muslim who speaks Farsi fluently and is

---

[1] Kenneth Y. Tomlinson is named here in his official capacity as the Chairman of the Broadcasting Board of Governors.

a United States citizen. First Amended Complaint ("FAC") ¶¶ 3, 5. BBG is an independent Government agency responsible for Government-sponsored broadcasting to foreign countries. *Id.* ¶ 4.

Khaksari was employed as a contract translator and news writer at BBG from November 2003 to April 2005. *Id.* ¶¶ 5, 6. Beginning in October 2004, and through late 2005, Khaksari applied for several positions at BBG but was not selected for any of them. *Id.* ¶¶ 7-10. Khaksari contends that in each case she was deemed qualified for the position, and in at least one case, that she was the only qualified U.S. citizen. *Id.* ¶¶ 7-10. Also, in each case BBG selected non-citizen applicants over Khaksari. *Id.* BBG subsequently terminated Khaksari's employment. *Id.* ¶ 11.

After her termination, Khaksari filed formal complaints with BBG and the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 13. The EEOC issued a right to sue letter on September 26, 2006, *id.* ¶ 15, and Khaksari commenced this lawsuit on November 21, 2006.

On January 21, 2009, Khaksari filed a Motion for Partial Summary Judgment [Dkt. # 28] ("Pl. Mot.") on her APA claim, which appears in Count V of the FAC.[2] Defendant opposed the motion by filing its own Cross-Motion to Dismiss [Dkt. # 31] ("Def. Mot.")

---

[2] Plaintiff's Motion for Partial Summary Judgment does not explicitly limit its scope to Count Five by name. It does, however, limit its scope to the "portion of Plaintiff's challenge to the agency actions" regarding BBG's authority to "hire aliens as not in accordance with law." Pl. Mot. at 1. Because plaintiff's administrative challenge appears only in Count Five of the FAC, the Court treats plaintiff's motion as a motion for summary judgment on that count alone.

for lack of subject matter jurisdiction. Plaintiff then filed her Reply [Dkt. # 34], which opposes defendant's Cross Motion to Dismiss and supports plaintiff's Motion for Partial Summary Judgment. For the following reasons, the Court agrees with BBG and finds jurisdiction lacking over Khaksari's APA claims.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), which bars a federal court from hearing claims beyond its subject matter jurisdiction, "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) (quoting *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006)). A court may dismiss a complaint for lack of subject matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)). Where a court's subject matter jurisdiction is called into question, the court may consider matters outside the pleadings to ensure it has power over the case. *Teva Pharm., USA, Inc. v. U.S. Food & Drug Admin.*, 182 F.3d 1003, 1008 (D.C. Cir. 1999).

## DISCUSSION

Khaksari's motion revolves around BBG's interpretation of the phrase "suitably qualified" as it is used in 22 U.S.C. § 1474(1)–the provision of BBG's organic statute

which authorizes BBG to hire non-citizens for certain programs "when suitably qualified United States citizens are not available."[3] Pl. Mot. at 1. Specifically, Khaksari objects to the interpretation adopted in Section 822 of BBG's Manual of Operations and Administration, which permits BBG to hire non-citizens if "no equally or better qualified U.S. citizen is available."[4] Id. at 4. In effect, Section 822 interprets the term "suitably qualified" to mean "equally or better qualified." Khaksari argues that such an

---

[3] 22 U.S.C. § 1474(1) provides in pertinent part:

> [T]he Secretary, or any Government agency authorized to administer such provisions may (1) employ, without regard to the civil service and classification laws, aliens within the United States and abroad for service in the United States relating to the translator or narration of colloquial speech in foreign languages or the preparation and production of foreign language programs *when suitably qualified United States citizens are not available when job vacancies occur* . . . .

(emphasis added).

[4] BBG rules implementing § 1474(1) provide that

> [a] non-U.S. citizen may be appointed only after *reasonable efforts to recruit equally or better qualified U.S. citizens have been made and have been unsuccessful*. A non-U.S. citizen may be employed or promoted *only if no equally or better qualified U.S. citizen is available to perform the duties of the position*. . . . As a matter of Broadcasting policy, non-U.S. citizens will not be employed in or promoted to supervisory positions . . . . (1) Exceptions will be allowed only on an individual basis when the appropriate Office, or Service Head determines, with the concurrence of the Director of Personnel that the *unavailability of an equally or better qualified U.S. citizen* to perform such supervisory . . . functions is not only significantly handicapping the ability of the Office, or Service to operate, but also is having an adverse impact on Broadcasting's mission.

BBG Manual of Operations & Administration, Part V-A, §§ 822.1(a), (c) (AR at 13) (emphasis added).

interpretation is unlawful under the Administrative Procedure Act ("APA") § 706(2) and not entitled to any judicial deference. *Id.* at 11, 14. Indeed, Khaksari claims that she would have been hired were it not for Section 822 because "suitably qualified" *should* be interpreted to mean "minimally qualified," and Khaksari claims she was deemed at least minimally qualified in each instance she applied for a vacant position. *Id.* at 9-11.

BBG argues in response that the Civil Service Reform Act ("CSRA") divests this Court of jurisdiction over Khaksari's APA claims. Def. Mot. at 2-3. According to BBG, Khaksari's APA claims amount to no more than allegations of a "prohibited personnel practice" as defined by the CSRA under 5 U.S.C. § 2302(b)(6) or 5 U.S.C. § 2301(b)(2) & (8)(A). Accordingly, BBG argues the CSRA's exclusive remedial scheme divests this Court of jurisdiction over both Khaksari's claim for specific relief for damages based on her non-hiring and her claim for general relief enjoining the Agency from continuing to interpret § 1474 as it now does in Section 822. *Id* at 1-3. I agree.

In *Grosdidier v. Glassman*, No. 1:07-01551 (D.D.C. filed Aug. 31, 2007), three BBG employees sued the Agency because it had hired non-citizens instead of promoting the three citizen-plaintiffs. These plaintiffs, like Khaksari, claimed they were deemed qualified for the respective positions for which they were passed over. And, like Khaksari, they challenged BBG's authority under the APA to interpret § 1474(1)'s "suitably qualified" as "equally or better qualified." Finally, the *Grosdidier* plaintiffs sought the exact same relief as Khaksari now seeks on her APA claims–specific relief to

remedy their individual non-hiring and general relief declaring BBG's interpretation of § 1474(1) unlawful. *See id.* (Mem. Op. And Order) (D.D.C. Apr. 22, 2008).

The *Grosdidier* plaintiffs' action was dismissed by another judge on this Court because the CSRA was found to strip the Court of jurisdiction over plaintiffs' suit. *See id.* This past April, BBG's jurisdictional argument was affirmed by our Court of Appeals, in *Grosdidier et al. v. Chairman, Broad. Bd. Of Governors*, 560 F.3d 495 (D.C. Cir. 2009). Importantly, the jurisdictional arguments affirmed by our Circuit in *Grosdidier* are virtually identical to those raised here. In dismissing the plaintiffs' APA claims for lack of subject matter jurisdiction, the Court of Appeals held that the CSRA's remedial scheme "is comprehensive and exclusive" and that "[Section 1474] does nothing to affect the exclusivity of the CSRA for suits targeting personnel decisions." *Id* at 497-98.

Accordingly, judicial review of BBG's hiring decisions is precluded by the remedial scheme provided by the CSRA, and Khaksari's Partial Motion for Summary Judgment on her APA claim is hereby DENIED. BBG's Cross-Motion to Dismiss Count Five of Khaksari's complaint is hereby GRANTED. An appropriate order will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge